1
2
3
4
5
6           IN THE UNITED STATES DISTRICT COURT

7               FOR THE DISTRICT OF ARIZONA

8

9   United States of America,          )    No.  CR 12-1548-PHX-JAT
                                        )
10              Plaintiff,              )
                                        )
11  vs.                                 )    **FINDINGS AND RECOMMENDATION**
                                        )    **OF THE MAGISTRATE JUDGE UPON**
12  Lazaro Landero-Garcia               )    **A PLEA OF GUILTY AND ORDER**
                                        )
13              Defendant.              )
                                        )
14  _____    )

15  TO THE HONORABLE, James G. Carr, UNITED STATES DISTRICT JUDGE:

16          Upon Defendant's request to enter a plea of guilty pursuant to Rule 11 of the Federal

17  Rules of Criminal Procedure, this matter came on for hearing before United States Magistrate

18  Judge Bridget S. Bade on September 4, 2012, with the written consents of Defendant, counsel

19  for  Defendant, and counsel for the United States of America.

20          The Magistrate Judge accepted Defendant's waiver of indictment after inquiring about

21  Defendant's understanding of the right to prosecution by indictment.  Defendant's written

22  waiver constitutes a part of the plea agreement that was lodged with the Court.

23          The hearing on Defendant's plea of guilty was in full compliance with Rule 11, Federal

24  Rules of Criminal Procedure, before the Magistrate Judge in open court and on the record.  In

25  consideration of that hearing and the statements made by Defendant under oath, on the record,

26  and in the presence of counsel, and the remarks of the Assistant United States Attorney and of

27  counsel for Defendant,

28

I FIND as follows:

(1)  that Defendant understands the nature of the charge against him to which the plea is offered and the elements of the offense to which he is pleading guilty;

(2)  that Defendant understands the rights to trial by jury, to plead not guilty, or having already so pleaded, to persist in that plea, to the assistance of counsel at trial and at every other stage of the proceedings, to confront and cross-examine adverse witnesses, to present evidence, to compel the attendance of witnesses, and the right against compelled self-incrimination;

(3)  that Defendant understands the maximum possible penalty for the offense to which he is pleading guilty, including imprisonment, fine and supervised release, any mandatory minimum penalty, any applicable forfeiture, the effect of the supervised release term, and the Court's authority to order restitution and its obligation to impose a special assessment;

(4)  that Defendant understands the Court's obligation to calculate the applicable sentencing guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); and that Defendant understands that the sentencing guidelines are advisory, not mandatory, and that the Court may sentence outside those guidelines;

(5)  that Defendant knowingly and voluntarily pleaded guilty and that his plea is not the result of force or threats or of promises apart from the plea agreement between the parties;

(6)  that Defendant is competent to plead guilty;

(7)  that Defendant understands that his statements under oath may later be used against him in a prosecution for perjury or false statement;

(8)  that Defendant understands that by pleading guilty he waives the right to a jury trial;

(9)  that Defendant understands the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence, and has knowingly, intelligently and voluntarily waived those rights;

(10)  that Defendant is satisfied with counsel's representation; and

(11)  that there is a factual basis for Defendant's plea.

I RECOMMEND that the Court accept the Defendant's plea of guilty.

IT IS ORDERED that any objection to the guilty plea proceedings and any request for supplementation of those proceedings be made by the parties in writing and shall be specific as to the objection or request made.  All objections or requests for supplementation shall be filed within fourteen (14) days of the date of service of a copy of these findings unless extended by an Order of the assigned district judge.

IT IS FURTHER ORDERED that any letters, documents, or other matters Defendant would like the sentencing judge to consider before sentencing (including the English translation of any writings not in English) must be submitted in paper form with the original to the probation office and copies to the sentencing judge and opposing counsel no later than five (5) business days prior to the sentencing date or they may be deemed untimely by the sentencing judge and not considered. No more than ten (10) character letters shall be submitted by defense counsel, unless otherwise ordered by the Court.  Character letters shall not be mailed directly to the sentencing judge by any family members or other persons writing in support of Defendant. Character letters or a notice of service of such letters shall not be filed electronically unless otherwise ordered by the Court.

IT IS FURTHER ORDERED that any motions for upward or downward departures or any sentencing memoranda must be filed at least seven (7) business days prior to the sentencing date.  Responses are due three (3) business days prior to the sentencing date.  Any motion to continue sentencing must be filed promptly upon discovery of the cause for continuance and must state the cause with specificity.  Motions to continue sentencing filed less than fourteen (14) days before sentencing are disfavored.

DATED this 4th day of September, 2012.


_____
Bridget S. Bade
United States Magistrate Judge